118　　　　　　　　July 1, 2026　　　　　　　　No. 599

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Arthur George FLANGAS,
*Petitioner-Appellant,*
*and*

Jacqueline FLANGAS,
*Respondent-Respondent.*

Jackson County Circuit Court
19DR19637; A182315

Charles G. Kochlacs, Judge.

Submitted March 20, 2025.

Ryan P. Hunt and Garrett Hemann Robertson PC filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.

WALTERS, S. J.

Appeal dismissed.

**WALTERS, S. J.**

Husband appeals from a limited judgment awarding spousal support to wife after entry of a general judgment dissolving the parties' marriage. For the following reasons, we conclude that ORS 107.095(2) bars this appeal, and we dismiss it.

Before briefing in this case, this court ordered husband to show cause why the appeal should not be dismissed as taken from a limited judgment that is not subject to appeal under ORS 107.095(2). After considering the arguments of the parties on that issue, we allowed the appeal to proceed but asked the parties to address the issue in their briefs. In the brief that husband filed, his argument is limited to the following:

> "Husband acknowledges that ORS 107.095(2) provides that a limited judgment entered under that subsection may not be appealed. However, the statutory text further provides that '[a]ny decision of the court in a limited judgment subject to this subsection may be appealed as otherwise provided by law upon entry of a general judgment.' As Husband argues below, this record indicates that the stipulated general judgment was not set aside or otherwise vacated in the limited judgment or at any time before the limited judgment. Moreover, Husband argues the trial court lacked subject-matter jurisdiction and jurisdiction over Husband when entering the limited judgment.
>
> "Accordingly, the limited judgment entered under ORS 107.095 is appealable because the stipulated general judgment was, as a matter of law, still in place at the time of the limited judgment being entered, thereby rendering the decision of the court in the limited judgment appealable."

Wife did not file a brief.

Before we consider husband's arguments, a short recitation of the pertinent, uncontested facts is in order. In February 2021, the trial court entered a stipulated general judgment of dissolution (the general judgment). The general judgment dissolved the parties' marriage, divided the parties' property, including businesses that the parties would continue to operate, and provided that neither party would receive spousal support. In December 2021, wife

filed a motion to "reopen the property division," citing ORS 107.452. In an attached declaration, wife asserted that the general judgment failed to address a major asset owned by the parties during the marriage. Wife also stated that, in stipulating to the judgment, she had made financial concessions, including waiver of spousal support, based on fraudulent representations by husband. Wife requested reopening, and, alternatively, that the general judgment be set aside. Husband did not respond to the motion, and the trial court entered an order granting wife's motion and stating that "the property division" was "reopened."

Wife then filed a motion requesting that the court enter a limited judgment awarding her temporary spousal support of $6,000 per month or control over the parties' businesses. In the memorandum wife filed in support of her motion, she cited ORS 107.095(1) for the proposition that the court had authority to enter an order for spousal support "as may be necessary to support and maintain the other party." Additionally, wife stated that she was receiving the sum of approximately $1,300 per month from husband but that the payments were sporadic. Again, husband did not respond, and the trial court wrote the parties a letter awarding the requested temporary support. Shortly thereafter, husband filed a motion for reconsideration, arguing that the court's conclusion that wife was entitled to temporary spousal support was contrary to Oregon law. Husband argued that the court did not have authority to order temporary spousal support after entry of a general judgment of dissolution, but he did not argue that the court's award was void because the court lacked subject matter or personal jurisdiction. In September 2023, after considering husband's arguments, the court entered a limited judgment incorporating its prior "opinion letter," and awarding temporary spousal support of $6,000 per month, effective June 1, 2023. It is that limited judgment from which husband now appeals.

In an action for dissolution, ORS 107.095(2) permits a trial court to enter a limited judgment providing for a support award or other money award. However, that statute also provides that "a limited judgment entered under this

subsection may not be appealed." *Id.* Husband acknowledges that bar but points out that that statute goes on to provide that "[a]ny decision of the court in a limited judgment subject to this subsection may be appealed as otherwise provided by law upon entry of a general judgment." *Id.* From that text, husband seems to argue that the limited judgment entered in this case may be appealed because the *earlier* general judgment remained in place. Husband contends that, when the trial court entered its limited judgment, it did not set aside or otherwise vacate the general judgment and lacked subject matter jurisdiction to award spousal support and personal jurisdiction over husband. Accordingly, husband argues, "the stipulated general judgment was, as a matter of law, still in place at the time of the limited judgment being entered, thereby rendering the decision of the court in the limited judgment appealable."

Husband is incorrect about the status of the general judgment at the time the limited judgment was entered. In her declaration in support of her motion to reopen, wife sought to reopen the dissolution or, alternatively, to set aside the stipulated judgment of dissolution as fraudulently induced. ORS 107.452(1) provides that, in a dissolution case, on a motion alleging that significant assets existed and were not discovered until after entry of judgment, the court shall "reopen the case." On a showing of fraud, ORCP 71 permits a court to relieve a party from a judgment. We understand the trial court to have set aside the general judgment when it granted wife's motion under ORS 107.452(1). Although the trial court did not expressly set aside the general judgment of dissolution, it effectively and implicitly did so, even if only for a limited purpose or if its authority under ORS 107.452(1) to "reopen the case" was limited.[1] Thus, when the court subsequently entered its limited judgment, the general judgment was not in place, and its entry of a limited judgment was appropriate.

ORS 18.005(13)(d) provides that the term "limited judgment" means,

---

[1] We do not conclude that the trial court had authority to grant the relief that it did, or that to "reopen the case" under ORS 107.452(1) necessarily sets aside a general judgment. That is a question for another day.

> "A judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment."

Here, the limited judgment met that definition. It was rendered after the general judgment of dissolution had been set aside and before entry of a subsequent general judgment; it addressed only one of wife's claims—her claim for temporary spousal support—and was rendered pursuant to ORS 107.095(2), permitting a limited judgment providing for support. Under ORS 107.095(2), that limited judgment was not appealable at that time.

That does not mean that the decision reflected in the limited judgment was not ever appealable. As husband notes, the last sentence of ORS 107.095(2) provides that "[a]ny decision of the court in a limited judgment subject to this subsection may be appealed as otherwise provided by law upon entry of a general judgment." What that means is that a party who contends that a limited judgment awarding temporary spousal support is in error must wait until a general judgment is entered to appeal that ruling. *See* Susan Marmaduke & Mark Johnson, *The Law of Judgments How Should A Concluding Decision Be Labeled?*, Oregon State Bar Bulletin 34 (May 2004) (reviewing legislative history of House Bill 2646 (2003)—updating statutes relating to judgments—and explaining that "[a] judgment for temporary support before trial in a domestic relations case is a limited judgment, but it is not immediately appealable. As under the prior law, it may be appealed only upon entry of the general judgment in the action. ORS 107.095(2)"); ORS 19.425 (permitting review of intermediate ruling on appeal of final judgment).

Husband does not argue that he is entitled to appeal the limited judgment at issue here as an intermediate ruling that is appealable upon entry of a general judgment. Because husband appealed, instead, from the interlocutory limited judgment itself, his argument that ORS 107.095(2) permits his appeal is erroneous.

That takes us to husband's arguments that the trial court entered the limited judgment without subject matter

or personal jurisdiction. We begin with the issue of subject matter jurisdiction.

We set out the difference between legal error and lack of jurisdiction in *Menten and Deatherage*, 302 Or App 425, 429-30, 461 P3d 1075 (2020). Doing so clearly and succinctly, we explained as follows:

> "We have noted that subject matter jurisdiction—the authority to exercise judicial power in a given subject area or dispute—is distinct from a court's exercise of its authority within a given subject area or dispute. *Southard v. Larkins*, 275 Or App 89, 97, 364 P3d 1006 (2015), *rev den*, 359 Or 39 (2016) ('Even when a court might lack authority, a lack of authority is not the same as a lack of jurisdiction.'). A court may have authority to exercise judicial power in a given case, but then exercise that authority erroneously. A court's erroneous exercise of its authority within an area over which it has subject matter jurisdiction does not deprive the court of subject matter jurisdiction. *Wood v. White*, 28 Or App 175, 178, 558 P2d 1289 (1977) (erroneous application of procedural statute in dissolution case does not divest court of subject matter jurisdiction). Thus, an error in a dissolution judgment by a court that otherwise has both subject matter and personal jurisdiction does not divest the court of jurisdiction so as to render its judgment void and subject to collateral attack. *Id.*
>
> "In dissolution cases, 'subject matter jurisdiction is founded on domicile.' *Watanabe and Watanabe*, 140 Or App 85, 88, 914 P2d 701, *rev den*, 324 Or 176 (1996); *Wood*, 28 Or App at 178. An Oregon circuit court has subject matter jurisdiction over a dissolution when one of the parties resides in Oregon. ORS 107.075."

302 Or App at 429-30.

We recognize, as we also did in *Menten*, that when a court acts post-dissolution, additional statutory authorization may be required to afford subject matter jurisdiction. *See id.* at 430 (so explaining and declining to decide whether post-judgment modification of property division was outside trial court's subject matter jurisdiction or court's authority to act within its jurisdiction); *Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989) (suggesting that modification of dissolution judgment's property division would be outside

court's jurisdiction). Here, however, when the trial court entered the limited judgment, it was not necessarily exercising post-dissolution authority. Rather, as explained above, the trial court had reopened and effectively set aside the general judgment of dissolution and, viewed broadly, was exercising pre-dissolution authority.

That does not mean, of course, that the trial court correctly exercised its authority. A correct analysis of the pertinent law, as reflected in the rulings that the trial court made after it reopened this case, may indicate that ORS 107.452 permits the reopening of a case only for the purpose of addressing property division, limiting the court's authority to award spousal support. The record may also indicate that wife did not seek or meet the standard to modify or set aside the general judgment of dissolution under ORS 107.135 or ORCP 71.[2] That does not mean, however, that the trial court lacked jurisdiction to make the initial rulings that it did. Because the trial court had statutory authority to exercise judicial power to decide the dispute presented, it had subject matter jurisdiction to enter the limited judgment, even if its exercise of authority was erroneous.

Even more obviously, the trial court had personal jurisdiction over husband when it entered the limited judgment requiring him to pay temporary spousal support. Husband bases his argument for lack of personal jurisdiction on the fact that wife did not serve him with summons in accordance with ORCP 7. However, in making that

---

[2] After the trial court entered its limited judgment, wife's motion to reopen the property division to address omitted property remained. In March 2024, a judge newly assigned to the matter explained that "there is a fundamental disagreement between the parties as to whether [the prior judge] ordered that the case be reopened under ORS 107.452 or whether he set aside the general judgment under ORCP 71." The court gave wife 14 days to submit a proposed order setting aside the judgment under ORCP 71 and gave husband 14 days to file objections. After oral argument, the court ordered that wife's motion to reopen the record was filed pursuant to ORS 107.452 and that the general judgment had not been and would not be set aside. Shortly thereafter, in May 2024, husband filed a motion requesting that the court set aside its limited judgment ordering temporary spousal support. The court granted that motion, stating, in its order, that "per agreement of the parties this order is not retroactive." Finally, in June 2025, the court denied wife's motion to reopen the property division. In its written order, the court determined that there was no "omitted asset," declined to award spousal support, and stated that its order was "a final appealable order." Neither party appealed from that order.

argument, husband fails to cite or consider ORCP 6 or ORCP 21 G. ORCP 6 provides that a court may exercise jurisdiction over a party who appears in an action, without summons having been served, when the party appears in the action and waives the defense of lack of jurisdiction as provided in ORCP 21 G. ORCP 21 G provides that the defense of lack of jurisdiction over the person is waived if the defense is neither made by motion under that rule nor included in a responsive pleading. Husband appeared in this action without ever contesting the trial court's jurisdiction over his person, and we reject husband's argument that the trial court lacked personal jurisdiction over him.

In summary, under ORS 107.095(2), the limited judgment that is the subject of this appeal is not appealable.

Appeal dismissed.